PER CURIAM.
Appellant, J.C., on behalf of W.H., requested an administrative hearing pursuant to section 230.23, Florida Statutes, to address the appropriate educational placement for W.H., her emotionally handicapped son. Appellant appeals an order of the hearing officer, which determined that the appropriate placement of W.H. in the Orange County Public School System is in Gateway School, an educational facility specifically designed to meet the needs of emotionally handicapped students. We ordered appellant to show cause why appellant has a right of appellate review of the hearing officer’s order by this court under section 120.68(2), Florida Statutes, and why the appeal should not be transferred to the Fifth District Court of Appeal, as J.C., her son, and the School Board of Orange County, reside in Orange County.
Section 120.68(2), Florida Statutes (1993), provides that “all proceedings for review shall be instituted by filing a petition in the district court of appeal in the appellate district where the agency maintains its headquarters or where a party resides_” Appellant suggests in her response to the show cause order that the Florida Department of Education, which has its headquarters in Tallahassee, was served and made a party pursuant to section 86.091, Florida Statutes, with respect to an argument raised in her initial brief that Florida Administrative Code *694 Rule 6A-6.03016 is unconstitutional. This is not the case, however. Although the attorney general was served with a copy of the appellant’s initial brief, the attorney general declined to make an appearance. It appears from an examination of the record that the Department of Education was never made a party to these proceedings.
Because J.C., W.H., and the School Board of Orange County all reside in Orange County, the appeal cannot lie in the First District Court of Appeal. The appeal is therefore transferred to the Fifth District Court of Appeal. See § 230.23(4)(m)5., Fla.Stat. (1993); § 120.68(2), Fla.Stat. (1993).
BARFIELD and DAVIS, JJ., and SHIVERS, Senior Judge, concur.